IN THE FEDERAL DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GRICELDA ONTIVEROS,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL FUELS & LUBRICANTS COMPANY,<br><br>Defendant. | Case No.: 21-cv-2335 |

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff GRICELDA ONTIVEROS, by and through undersigned counsel, bringing this Complaint and Jury Demand against Defendant EXXON MOBIL FUELS & LUBRICANTS COMPANY for violations of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 20000e *et seq*.) and the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq*.). In support of her claims, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This action is brought pursuant to 42 U.S.C. § 2000e *et seq.* for gender discrimination and retaliation and 29 U.S.C. § 621 for age discrimination and retaliation. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about January 27, 2020 and was issued a Notice of Right to Sue on or about February 8, 2021.

2. Venue is proper under 28 U.S.C. § 1391(b). The parties reside and/or conduct business in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district as well.

**PARTIES**

3. Plaintiff GRICELDA ONTIVEROS (hereinafter "Plaintiff") was an employee of Defendant. Plaintiff worked at Defendant's facility in Cicero, Illinois.

4. Defendant EXXON MOBIL FUELS & LUBRICANTS COMPANY (hereinafter "Defendant") is a subsidiary or division of Exxon Mobil Corporation. Defendant employs over 500 individuals and operates, at least in part, business in Cicero, Illinois. Defendant employed Plaintiff beginning in or around May of 2015 until Plaintiff's discharge on or about September 18, 2019.

**FACTS**

5. Plaintiff was hired at Defendant on or about May 11, 2015. Plaintiff's most recent position before her termination was Customer Service Analyst.

6. Plaintiff is female and over the age of forty (40).

7. In or around September of 2018, Plaintiff complained to Defendant's Human Resources about inappropriate conduct that included sexual harassment by a plant manager.

8. Following her complaint to human resources, the plant manager became rude and hostile toward Plaintiff. The plant manager and other employees working under him also subjected Plaintiff to different terms and conditions of employment. This includes, but is not limited to, giving Plaintiff poor performance evaluations.

9. Prior to her complaint of sexual harassment, Plaintiff consistently received positive performance evaluations for her work.

10. On or about August 28, 2019, Plaintiff was informed by the plant manager and human resources that if she wanted to continue her employment at Defendant, she would need to be placed under an Employee Improvement Plan ("EIP"). Plaintiff was given twenty-one (21) days to decide whether she wanted to be placed under an EIP or accept severance.

11. On or about September 6, 2019, before the 21 days expired, Plaintiff received several missed calls and emails from Defendant, including five (5) calls from the plant manager whom Plaintiff had complained about and two (2) calls from Defendant's human resources department, regarding the future of her employment. Plaintiff informed human resources that she was still considering whether to accept placement in an EIP program.

12. On or about September 9, 2019, Plaintiff was informed that her employment at Defendant was being terminated. She was given the option of voluntary resignation or termination. Plaintiff was told that the EIP option provided to her on August 28, 2019 was no longer available to her. Plaintiff was given until September 18, 2019 to review and sign a Separation Agreement. Plaintiff was placed on suspension during this period.

13. Plaintiff did not sign the separation agreement.

14. On or about September 19, 2019, Plaintiff received a letter from Defendant informing her that, effective immediately, her employment at Defendant was terminated.

15. Upon information and belief, a younger female employee with no history of complaining of sexual harassment was selected to replace Plaintiff.

16. Upon information and belief, similarly-situated male employees were treated more favorably than Plaintiff.

17. Upon information and belief, similarly-situated employees under the age of forty (40) were treated more favorably than Plaintiff.

18. Upon information and belief, similarly-situated employees who had not made complaints of discrimination or harassment were treated more favorably than Plaintiff.

19. Upon information and belief, Defendant has engaged in a pattern or practice of favoring male employees over female employees, and of punishing female employees who complain of harassment or discrimination at the workplace.

20. Upon information and belief, other female employees have complained of sexual harassment, including by the same plant manager, and also experienced adverse treatment that included termination.

## COUNT I – AGE DISCRIMINATION

21. Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

22. Plaintiff is, and at the time of the alleged adverse treatment was, over the age of forty (40).

23. Defendant discriminated against Plaintiff, including, but not limited to, by subjecting her to different terms and conditions of employment on the basis of her age.

24. Defendant's unlawful conduct was in violation of the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*).

25. Defendant's conduct was willful.

26. Defendant's unlawful conduct caused Plaintiff damages, including, but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

## COUNT II – GENDER DISCRIMINATION

27. Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

28. Plaintiff is female.

29. Defendant discriminated against Plaintiff, including, but not limited to, by subjecting her to different terms and conditions of employment on the basis of her gender and by not taking adequate measures to remedy the harassment of a supervisor, of which she complained to Defendant.

30. Defendant's unlawful conduct violated Title VII of the Civil Rights Act, as amended (42 U.S.C. § 20000e *et seq.*).

31. Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.

32. Defendant's unlawful conduct caused Plaintiff damages, including, but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

**COUNT III – RETALIATION**

33. Plaintiff reasserts and realleges all previously pled paragraphs as if fully stated herein.

34. Plaintiff was engaged in protected activity when she complained to Defendant about harassment by a supervisor, and later when she complained to Defendant about age discrimination, gender discrimination and retaliation for complaining of sexual harassment.

35. Defendant retaliated against Plaintiff, including, but not limited to, by giving her poor performance evaluations after she complained about sexual harassment by a supervisor, and later terminating her for complaining about the retaliation and discrimination.

36. Defendant's unlawful conduct violated the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*) and Title VII of the Civil Rights Act, as amended (42 U.S.C. § 20000e *et seq.*).

37. Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.

38. Defendant's unlawful conduct caused Plaintiff damages, including, but not limited to, lost earnings, emotional harm and suffering, costs and attorney's fees.

## CONCLUSION AND PRAYER FOR RELIEF

Wherefore, Plaintiff GRICELDA ONTIVEROS prays this Honorable Court enter judgment in her favor and against Defendant EXXON MOBILE FUELS & LUBRICANTS COMPANY, granting her the following relief:

A. Actual damages;

B. Compensatory damages;

C. Liquidated damages;

D. Punitive damages;

E. Costs;

F. Attorney's fees;

G. Such other relief as the Court deems just and equitable, or to which Plaintiff is entitled as a matter of law.

Respectfully submitted,
GRICELDA ONTIVEROS
Plaintiff


_____/s/Christina Abraham_____

By: Christina Abraham
Attorney for Plaintiff

April 30, 2021

Attorney No. 6298946
Christina Abraham, Esq.
Attorney for Plaintiff
161 N. Clark Street, Suite 1600
312-588-7150